UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, *et al.* | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )  Cause No. 4:13 CV 968 RWS |
| KLA PAINTING, LLC, *et al.* | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER FOR PARTIAL DEFAULT JUDGMENT

This matter is before the Court on Plaintiffs' Motion for Partial Default Judgment against Defendants KLA Painting, LLC, and Kevin Ar-Razzaaq, (hereinafter "Defendants"). Plaintiffs filed this action on May 21, 2013, under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act, 29 U.S.C. § 185. The complaint alleges Defendants have failed to make an accounting and to fully pay several employee benefit funds and contributions due under the collective bargaining agreement between Defendants and its employees' union. Plaintiffs are the union and the trustees, sponsors, and/or fiduciaries of the various funds.

The Clerk of Court entered an order of default against the Defendants on June 21, 2013. [Doc. #8].

On September 23, 2013, Plaintiffs filed a Motion seeking a partial default judgment requiring Defendants to pay $15,529.90 in delinquent fringe benefit contributions, dues and deductions, liquidated damages and attorney's fees and to submit to the Plaintiffs' attorney for review and copying its books, records, and reports showing Defendants' indebtedness to the Funds in question for the period of April 24, 2013, through the date of the Motion.

1

When the Clerk of Court has entered default against a defendant, the "allegations of the complaint except as to the amount of damages are taken as true." Mueller v. Jones, No. 2:08CV16 JCH, 2009 WL 500837, at *1 n.2 (E.D. Mo. Feb. 27, 2009) (quoting Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973)). Accordingly, in deciding the present motion for default judgment, the Court accepts as true the factual allegations contained in Plaintiffs' Complaint together with those affidavits presented in the Plaintiffs' Motion and Memorandum in Support.

Based on those allegations and accompanying affidavits, Plaintiffs are entitled to the relief requested.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion for Partial Default Judgment [#9] is **GRANTED**. Plaintiffs are awarded delinquent fringe benefit contributions, dues and deductions, liquidated damages and attorney's fees against Defendants in the amount of $15,529.90.

**IT IS FURTHER ORDERED that** Defendants shall submit the documents requested to Plaintiffs' attorney no later than **October 18, 2013**. Failure to comply with this Order may result in the imposition of sanctions.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2013.

2